[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 297.]

THE STATE EX REL. STERN, PROS. ATTY., *v.* MASCIO, JUDGE.

[Cite as *State ex rel. Stern v. Mascio*, 1998-Ohio-622.]

*Prohibition to prevent common pleas judge from proceeding in civil case in which he had disqualified himself—Writ granted—Judge patently and unambiguously lacks jurisdiction to proceed, when—Son represents party to the case—Canon 3(E)(1)(c)—Filing affidavit of disqualification deprives judge of authority to proceed—R.C. 2701.03.*

(No. 98-371—Submitted March 3, 1998—Decided March 6, 1998.)

IN PROHIBITION.

————————————

{¶ 1} On January 23, 1998, relator, Jefferson County Prosecuting Attorney Stephen M. Stern, filed a civil nuisance complaint in the Jefferson County Court of Common Pleas against Clancey's Bar and several individuals. The case was assigned to respondent, Judge John J. Mascio. In addition to the civil action, the state filed criminal charges against several individuals named as defendants in the civil case, including Lindsey R. Stewart and Ernest C. Nemeth. According to Stern, Mascio's son has been retained to represent Stewart and Nemeth.

{¶ 2} On February 12, Judge Mascio disqualified himself from the civil case "for the reason that his son * * * is an attorney for one of the Defendants listed in the Complaint, and therefore his impartiality might reasonably be questioned." On the same date, Stern filed an affidavit with this court under R.C. 2701.03 seeking Judge Mascio's disqualification from the civil case. Despite disqualifying himself in the civil case and despite the filing of an affidavit of disqualification by Stern, Judge Mascio ordered counsel in the civil case to submit case citations on the issues of whether a civil action must be stayed until completion of criminal proceedings against the same defendants and whether a trial judge could hear a case involving

a defendant represented by his son if the defendant invoked his constitutional right against self-incrimination.

{¶ 3} On February 18, Judge Mascio found Stern and one of his assistant prosecutors guilty of contempt for filing a memorandum on February 6 and filing the affidavit of disqualification with this court on February 12. Judge Mascio fined Stern $750 and sentenced him to thirty days in jail. When the sheriff advised Judge Mascio that he would not put Stern in jail, Judge Mascio found the sheriff in contempt and fined him $250. On February 20, Judge Mascio issued a letter to both counsel in the civil case, stating that "[e]ven though the * * * case is stayed pending action by the Chief Justice of the Supreme Court I still want the citations of law filed on the two issues that were brought up on the 12th day of February, 1998." If Stern fails to obey Judge Mascio's continued orders and requests in the civil case, he faces additional citations for contempt, arrest, and incarceration.

{¶ 4} On February 23, Stern filed this action for a writ of prohibition to rule that all of Judge Mascio's orders in the civil case following February 12 are void and to prevent him from exercising jurisdiction in the civil case. The cause is now before this court on Stern's request for an expedited ruling.

———————————

*Kravitz & Kravitz* and *Max Kravitz*, for relator.

———————————

**Per Curiam.**

{¶ 5} S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or a peremptory writ, if a writ has not already been issued." Pursuant to S.Ct.Prac.R. X(5), we generally wait for a response before rendering this determination. But under S.Ct.Prac.R. XIV(4), a party may request emergency relief. Stern requests an expedited determination and the issuance of immediate alternative and peremptory writs, alleging that he faces additional

citations for contempt, arrest, and incarceration should he fail to obey Judge Mascio's continued orders in the case. We find that this case merits an expedited determination, particularly because Judge Mascio indicated in his February 20 letter that he still expects Stern to comply with his order of February 12 for additional case citations.

{¶ 6} Under S.Ct.Prac.R. X(5), dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of relator, that relator is not entitled to the requested extraordinary relief. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799, 801-802. If, on the other hand, the complaint may have merit, an alternative writ should issue. Staff and Committee Notes to S.Ct.Prac.R. X(5). Finally, if it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839.

*Prohibition*

{¶ 7} Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127.

{¶ 8} Stern contends that Judge Mascio patently and unambiguously lacks jurisdiction to proceed in the civil nuisance case. For the following reasons, we agree and issue a peremptory writ.

**{¶ 9}** First, Judge Mascio disqualified himself from the civil case on February 12. Under Canon 3(E)(1)(c) of the Code of Judicial Conduct, this disqualification was required, particularly because his son represented a party in the civil case. Canon 3(E)(1) provides that a "judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

"* * *

"(c) The judge knows that * * * the judge's * * * child wherever residing * * * has an economic interest in the subject matter in controversy or in a party to the proceeding * * *."

**{¶ 10}** Judge Mascio conceded in his entry of recusal that his son is an attorney for one of the defendants named in the civil nuisance case.

**{¶ 11}** Second, Stern filed an affidavit of disqualification against Judge Mascio. Prior to November 20, 1996, the mere filing of an affidavit of prejudice with this court would not necessarily prevent a trial judge from proceeding. See *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 101, 671 N.E.2d 236, 240-241, citing *Rife v. Morgan* (1995), 106 Ohio App.3d 843, 850, 667 N.E.2d 450, 454-455. But effective November 20, 1996, R.C. 2701.03 was amended to provide in subsection (D)(1) that "[e]xcept as provided in divisions (D)(2) to (4) of this section, if the clerk of the supreme court accepts an affidavit of disqualification for filing * * *, *the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding* until the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, rules on the affidavit pursuant to division (E) of this section." (Emphasis added.) The only possibly applicable exception permits a trial court judge against whom an affidavit of disqualification has been filed to "determine a matter that does not affect a substantive right of any of the parties." R.C. 2701.03(D)(3). A contempt conviction and sentence against one of the parties in the case go beyond a mere

4

ministerial action. See *In re Disqualification of Celebrezze* (1992), 74 Ohio St.3d 1242, 1243, 657 N.E.2d 1348, 1349; *State v. Mays* (1996), 108 Ohio App.3d 598, 612-613, 671 N.E.2d 533, 562 ("[T]he trial judge was powerless to proceed with the trial of the case until the Supreme Court resolved the prejudice proceedings."); cf. *Evans v. Dayton Newspapers, Inc.* (1989), 57 Ohio App.3d 57, 566 N.E.2d 704.

{¶ 12} Based on the foregoing, Stern is entitled to the requested writ. No further evidence or argument is necessary. See *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 401, 674 N.E.2d 694, 696. Accordingly, we issue a writ of prohibition ruling that all of Judge Mascio's orders in the civil case following February 12 are void and preventing Judge Mascio from proceeding in the civil case until the Chief Justice has ruled on the affidavit of disqualification filed by Stern.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and COOK, JJ., would grant an alternative writ.

———————————