OPINION
Defendant-appellant, John Raypole, appeals the decision of the Fayette County Court of Common Pleas denying his motion to withdraw his guilty plea.
On October 19, 1993, appellant pled guilty to sexual battery with a specification of a prior offense of violence. On October 26, 1993, appellant was convicted and sentenced. No direct appeal was filed. Since that time, appellant has filed several unsuccessful petitions for post-conviction relief.
The subject of this appeal concerns a motion which appellant filed on February 18, 1999 to withdraw his guilty plea pursuant to Crim.R. 32.1. On March 3, 1999, the state filed a motion requesting that appellant's motion be restyled by the court as an additional petition for post-conviction relief. Alternatively, the state requested that even if the court chose to construe appellant's motion under a Crim.R. 32.1, the motion should be denied.
On April 2, 1999, Judge Omar A. Schwart ruled, denying appellant's motion. On May 3, 1999, appellant filed a notice of appeal from Judge Schwart's April 2, 1999 ruling. On September 2, 1999, Judge William J. Corzine issued a decision and entry also denying appellant's motion, finding that appellant had failed to establish "manifest injustice." Judge Corzine also found that appellant's claims were barred by the doctrine of res judicata. On September 29, 1999, appellant filed a motion in this court to strike Judge Corzine's decision and entry because Judge Schwart had already ruled on his motion.
We will first address appellant's seventh assignment of error, as the resolution of that assignment affects the rest of this appeal:
Assignment of Error No. 7:
 APPELLANT WAS GREATLY PREJUDICED AND DENIED HIS RIGHT TO DUE PROCESS WHEN JUDGE OMAR A. SCHWART, WHO HAD RECUSED HIMSELF FROM THIS CASE, MADE THE DECISION TO DENY APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.
The record reveals that a series of recusals and reassignments occurred in this case. Judge Schwart was originally assigned to this case. Appellant filed a motion alleging that Judge Schwart was prejudiced against him. On March 12, 1997, to avoid any appearance of impropriety, Judge Schwart recused himself. The case was reassigned to retired Judge Rollo A. Marchant. On April 24, 1997, Judge Marchant recused himself. On May 9, 1997, Judge Marchant filed another entry recusing himself. Finally, on May 15, 1997, Judge Corzine was assigned to this case.
The assignment and reassignment of judges appears to have caused confusion. However, the fact remains that Judge Schwart's April 2, 1999 ruling on appellant's Crim.R. 32.1 motion was issued after he had recused himself on March 12, 1997. After his recusal, Judge Schwart no longer had authority to act concerning this case. See Justice v. City of Columbus (Nov. 14, 1991), Franklin App. No. 91AP-675, 1991 WL 244996, unreported. See, also, State ex rel. Stern v. Mascio (1998), 81 Ohio St.3d 297,299. Therefore, Judge Schwart's March 12, 1997 ruling was a nullity. Judge Corzine, the properly assigned judge, did rule on the matter, but his decision was not filed until September 2, 1999, several months after appellant's May 3, 1999 notice of appeal was filed.
The Court of Appeals for Scioto County addressed an analogous situation in Keeton v. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405. The appellant in Keeton appealed an order which was not a final appealable order. After a notice of appeal had been filed, the trial court entered its final order. No subsequent notice of appeal was filed. The court held that "[t]hese procedural mishaps are, fortunately, not fatal to the appeal. The premature notice of appeal will be treated as if filed immediately after the final order." Id. at 408, fn. 3.
In this case, since appellant filed a notice of appeal from an order which was a nullity, but a proper, final order was subsequently entered, we find that appellant's appeal was prematurely filed. See App.R. 4(C). We also note that the issues raised by appellant in his appeal are such that they may be readily construed as arising from Judge Corzine's decision. Accordingly, we dismiss appellant's motion to strike, and treat appellant's notice of appeal as if it were filed immediately after Judge Corzine's September 2, 1999 decision and entry. See Statev. Tripodo (1997), 50 Ohio St.2d 124, paragraph one of the syllabus.
Although Judge Schwart entered a ruling which was a nullity, we find that appellant, despite his assertion to the contrary, was not prejudiced by this act. Judge Corzine's September 2, 1999 decision and entry also denied appellant's motion. For the reasons discussed under the following assignments of error, we find that Judge Corzine's decision to deny appellant's motion was correct. Appellant's seventh assignment of error is overruled.
We now turn to appellant's assignments of error one through six:
Assignment of Error No. 1:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL THROUGH ITS ABUSE OF DISCRETION AND MALICIOUS ACTIONS.
Assignment of Error No. 2:
 THE TRIAL COURT VIOLATED CRIMINAL RULE 7(D) WHEN IT AMENDED THE ORIGINAL INDICTMENT AND REAMENDED [sic] INDICTMENT TO A MORE SEVERE OFFENSE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S PLEA WHICH WAS RENDERED UNINTELLIGENTLY AND UNVOLUNTARILY [sic] BASED ON THE MISINFORMATION OF THE TRIAL COURT AND THE INEFFECTIVENESS OF TRIAL COUNSEL.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHICH DEMONSTRATED MANIFEST INJUSTICE.
Assignment of Error No. 5:
 TRIAL COUNSEL WAS INEFFECTIVE IN MISREPRESENTING THE CHARGE TO THE APPELLANT, IN AVOIDING APPELLANT'S BEST INTEREST AND IN ENTERING A GUILTY PLEA TO AN INCORRECT INDICTMENT.
Assignment of Error No. 6:
 TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY NOT HOLDING AN EVIDENTIARY HEARING BEFORE DISPOSITION OF APPELLANT'S MOTION FOR WITHDRAWAL OF GUILTY PLEA AND REQUEST FOR NEW TRIAL PURSUANT TO CRIMINAL RULE 32.1.
The Ohio Supreme Court has stated that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. The court should construe such a motion as a petition for post-conviction relief despite the caption given to the motion by the criminal defendant. Id. at 160. See, also, State v. Dubois
(Nov. 12, 1997), Wayne App. No. 97CA0019, 1997 WL 760949, unreported.
The Ninth District Court of Appeals addressed a similar case in State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, 1997 WL 422775, unreported. In that case, Shie pled guilty and did not file a direct appeal. Shie then appealed the denial of his Crim.R. 32.1 motion after the trial court overruled it without a hearing. The court of appeals held as follows:
 Because defendant's motion was filed after the time for his direct appeal and sought vacation of his conviction and sentence on the basis of an alleged violation of his constitutional rights, this Court must construe his motion as a petition for post-conviction relief as defined in Section 2953.21
of the Ohio Revised Code.
Id. at *1. Likewise, we construe appellant's Crim.R. 32.1 motion as a successive petition for post-conviction relief under R.C.2953.21.
R.C. 2953.23 governs the time limit for filing successive petitions for post-conviction relief. Under the statute, the trial court is forbidden to entertain successive petitions filed after the one hundred eighty-day time limit in R.C. 2953.21(A), unless certain conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1). Second, the petitioner must also show by clear and convincing evidence that, but for the constitutional error, a reasonable factfinder would not have found him guilty. R.C. 2953.23(A)(2).
Appellant has failed to show either of the requisite criteria of R.C. 2953.23. Therefore, he is bound by the one hundred-eighty day limit found in R.C. 2935.21(A)(2), and the trial court was not permitted to entertain his petition, which was filed well after the time limit had elapsed. As such, appellant's petition was untimely, and the petition was appropriately denied without a hearing.
Even if this were not the case, our review of appellant's petition reveals that his assignments of error one through six are founded upon two general claims: (1) that his guilty plea was not voluntarily and unknowingly entered, and (2) that he received ineffective assistance of counsel. First, these arguments could have been raised by appellant via a direct appeal. Second, these arguments were raised by appellant and addressed through appellant's prior petitions for post-conviction relief. "It is established that, pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." Reynolds,79 Ohio St.3d at 161, citing State v. Duling (1970), 21 Ohio St.2d 13.
Therefore, since appellant's petition for post-conviction relief was untimely under R.C. 2953.23, and because the issues he raised were barred by res judicata, assignments of error one through six are overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.