OPINION
{¶ 1} This timely pro se appeal involves a decision of the Jefferson County Court of Common Pleas overruling a motion to vacate a 1999 order which scheduled a sexual predator hearing and appointed counsel for Appellant for that hearing. As Appellant's motion to vacate required the court to rule on whether a common pleas court judge was disqualified from the case and because disqualification issues regarding judges are solely resolved by the Ohio Supreme Court, R.C. § 2701.03, the decision of the trial court is affirmed.
 {¶ 2} The present appeal is one of many initiated by Appellant arising out of his conviction for the rape of his minor step-daughter. In 1986, Appellant pleaded guilty to the rape and later withdrew his plea. In 1989, he again pleaded guilty to one count of rape and was sentenced to an indefinite term of incarceration of 10 to 25 years. The conviction and sentence were affirmed by this Court in State v. Reed (June 18, 1996), 7th Dist. No. 94-J-64. Further filings by Appellant have generated other opinions by this Court in 1997, 1999 and 2000.
 {¶ 3} On May 16, 1997, Jefferson County Common Pleas Court Judge John J. Mascio ruled on a request by the Ohio Department of Rehabilitation that Appellant be designated a sexual predator. Judge Mascio ruled that Ohio's sexual predator law, R.C. § 2950.09, was unconstitutional as an ex post facto law.
 {¶ 4} On February 24, 1998, Judge Mascio filed a journal entry transferring all of his criminal cases to Judge Joseph J. Bruzzese, Jr. Judge Mascio's decision stemmed from the fact that on February 12, 1998, the Jefferson County Prosecuting Attorney filed an affidavit of disqualification against him in an unrelated case. See State ex rel.Stern v. Mascio (1998), 81 Ohio St.3d 297, 691 N.E.2d 253. Judge Mascio apparently felt that, with the filing of the affidavit of disqualification by the prosecutor, he had a conflict in all cases involving the prosecutor's office. (2/24/98 J.E.). Judge Mascio's journal entry stated that, "[t]his order shall remain in effect until further Order of Court."
 {¶ 5} In a journal entry dated January 15, 1999, Judge Mascio changed his interpretation of the sexual predator law, based on the Supreme Court's decision in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, and appointed Appellant counsel so that sexual predator proceedings could begin. Judge Mascio ordered Appellant to consult with the prosecutor's office to come to some agreement as to Appellant's sexual offender status or to request a hearing on the matter. It is this order which Appellant subsequently attempted to vacate and which led to this appeal.
 {¶ 6} At some point between January 15, 1999, and March 11, 1999, Judge Bruzzese took over the handling of Appellant's case. (See 3/11/99 J.E.).
 {¶ 7} On May 2, 2000, Judge Bruzzese determined, after a full hearing, that Appellant was a sexual predator. (5/2/00 J.E., 2).
 {¶ 8} On August 2, 2001, Appellant filed a Motion to Vacate the January 15, 1999, journal entry. Although Judge Bruzzese had been assigned this case subsequent to March 11, 1999, Judge Mascio ruled on Appellant's motion to vacate. The motion was overruled in a one sentence Journal Entry the day after the motion was filed. Appellant then filed this timely appeal.
 {¶ 9} Although Appellant purportedly argues three assignments of error in this appeal, they are not assignments of error in the traditional sense. They do not explain what errors occurred giving rise to this appeal. They merely list statutes, criminal rules, and terms of art such as "res judicata." Although this appeal is specifically an attempt to overturn an order which, for all intents and purposes, merely appointed counsel for Appellant, he appears to believe that in so appealing, the entire subsequent process leading up to the ruling that he be labeled a sexual predator should be declared void and should be vacated.
 {¶ 10} This appeal involves a Civ.R. 60(B) motion to vacate. The standard of review of a Civ.R. 60(B) motion is abuse of discretion. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,150, 351 N.E.2d 113. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) [he] has a meritorious defense or claim to present if relief is granted; (2) [he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." Id., 351 N.E.2d 113, at paragraph two of the syllabus.
 {¶ 11} The only cognizable argument to be gleaned from Appellant's brief is that Judge Mascio was disqualified from making the order contained in the January 15, 1999, journal entry, appointing him counsel. Appellant believes that because of this, the entry should be void.
 {¶ 12} There is no question that Judge Mascio had authority to adjudicate Appellant's criminal case, at least until February 24, 1998. Therefore, the resolution of this appeal depends on a determination of at least three issues: 1) whether Judge Mascio was later disqualified from presiding over this case; 2) if he was disqualified, the date of such disqualification; and 3) whether the disqualification was permanent or temporary. In making these determinations, we must review and interpret the January 24, 1998, recusal order, and examine the later events affecting that recusal. In so doing, however, this Court would necessarily be making determinations about whether Judge Mascio was disqualified from presiding over the case.
 {¶ 13} It is not the function of a court of appeals to determine whether a judge of the court of common pleas is or should be disqualified from presiding over a case. R.C. § 2701.03(A) requires the party seeking disqualification to file an affidavit of prejudice with the Supreme Court of Ohio:
 {¶ 14} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section." (Emphasis added.)
 {¶ 15} "Since only the Chief Justice or his designee may hear disqualification matters, the Courts of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442, 8 O.O.3d 438, 377 N.E.2d 775; Kondrat v. Ralph Ingersoll Pub. Co. (1989), 56 Ohio App.3d 173, 174, 565 N.E.2d 882.
 {¶ 16} It is clear from the above stated authority that the disqualification issues raised by Appellant are questions to be resolved exclusively and originally by the Supreme Court.
 {¶ 17} The February 24, 1998, order in which Judge Mascio recused himself apparently was inspired by disqualification proceedings initiated in a completely separate civil case, which is discussed in State ex rel.Stern, supra. (8/3/01 Memorandum in Opposition to Defendant's Motion). In that case, Judge Mascio's son was an attorney for one of the defendants. At first, he claimed to recuse himself but later Judge Mascio decided to preside over the case and issue orders. The county prosecutor filed an affidavit of disqualification on February 12, 1998. Id. at 297,691 N.E.2d 253. The prosecutor also filed a writ of prohibition with the Supreme Court on February 23, 1998. The Supreme Court ruled that, "all of Judge Mascio's orders in the civil case following February 12 are void," and Judge Mascio was prevented from making any more rulings in the underlying civil case, "until the Chief Justice has ruled on the affidavit of disqualification filed by [prosecutor] Stern." Id. at 300,691 N.E.2d 253.
 {¶ 18} In the instant case, just as in State ex rel. Stern, Judge Mascio continued to preside over matters after he had supposedly recused himself. The defendant's remedy in State ex rel. Stern was limited to the filing an affidavit of disqualification with the Supreme Court, with possible temporary relief available by filing a writ of prohibition with the Supreme Court. Appellant is in the same position as the parties involved in State ex rel. Stern, particularly because that case involved the same judge, the same time period and the Stern litigation may even have caused the recusal order at issue in the instant case.
 {¶ 19} There is nothing in the record indicating that Appellant ever filed an affidavit of disqualification with the Supreme Court or that Judge Mascio was ever determined to be disqualified from the instant case by the Supreme Court.
 {¶ 20} Furthermore, R.C. § 2701.03(B) requires the party seeking disqualification to file an affidavit of disqualification, "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled * * *." Seeing that Appellant has not filed any affidavit of disqualification, it is obvious that he did not file the affidavit within seven days of his sexual predator hearing. However, as the rule makes clear, Appellant could have filed an affidavit of disqualification after Judge Mascio continued to issue rulings in this case despite his announced recusal. Pursuant to R.C. § 2701.03(B), by failing to file a timely affidavit of disqualification, Appellant has waived any alleged errors related to the failure of Judge Mascio to actually remove himself from certain aspects of this case. See In reDisqualification of Russo (1997), 81 Ohio St.3d 1217, 1218, 688 N.E.2d 519.
 {¶ 21} Finally, it is impossible to see how Appellant could have been harmed or prejudiced by the decision to overrule his motion to vacate. A trial court cannot grant a motion to vacate if the underlying error is harmless. Civ.R. 61.
 {¶ 22} The underlying order which Appellant attempted to vacate merely appointed counsel for Appellant. Even if Judge Mascio did not have authority to make this order, a later decision to void the order would have no effect on Appellant's designation as a sexual predator. It was Judge Bruzzese, not Judge Mascio, who conducted the subsequent sexual predator hearings and made the final determination that Appellant was a sexual predator. Judge Mascio was not even responsible for initiating the sexual predator review. The review was required by statute and initiated by the Ohio Department of Rehabilitation. Furthermore, Appellant never objected to the quality of representation of his appointed counsel, or indicated that he wanted to proceed without counsel. Therefore, none of Appellant's substantial rights were affected by the January 15, 1999, order and the trial court was within its discretion to overrule Appellant's motion to vacate because any error, to the extent error occurred, was harmless.
 {¶ 23} We also note the Appellant's request to vacate was clearly untimely. Not only was it filed some one and one-half years after the order to which it was directed, but there were subsequent proceedings held, namely the sexual predator hearing, based at least in part on the January 15, 1999, order. Appellant certainly had opportunities to attack the order complained of prior to his tardy motion to vacate.
 {¶ 24} In conclusion, Appellant's presumed assignments of error are overruled. Matters involving the disqualification of a judge of a court of common pleas are exclusively reviewed and determined by the Supreme Court. Further, any alleged error to Appellant was harmless and Appellant's motion was not made within a reasonable time. We hereby affirm the decision of the trial court in full.
Donofrio, J., concurs.
Vukovich, P.J., concurs.