JOURNAL ENTRY AND OPINION
{¶ 1} In this cross-appeal, plaintiff-appellee Minnie Sue Tissue ("Minnie") and defendantappellant John William Tissue ("John") raise several assignments of error with regard to the trial court's decision to reduce John's monthly spousal support obligation from $1,775 per month to $750 per month. For the following reasons, we affirm.
 {¶ 2} On November 26, 1986, the parties were divorced after 26 years of marriage. Pursuant to an agreed judgment entry, John was ordered to pay Minnie $1,775 per month as spousal support. This order was made subject to the continuing jurisdiction of the trial court.
 {¶ 3} In 1996, John took an early retirement.
 {¶ 4} On January 25, 2002, John filed a motion to modify support, claiming that his income had substantially declined.
 {¶ 5} Hearings were held on August 13 and 14, 2002 before a magistrate. Both parties testified. John testified that in 1996 his employer began having financial difficulties and his salary diminished from approximately $116,000 per year to approximately $43,000 per year. He chose to take an early retirement in 1996 because his retirement pension would be based on his highest three years of income and there was little chance that his income would substantially increase. At the time of the proceedings, John's annual income was approximately $66,000. He testified that, despite his reduction in salary, he continued to pay Minnie $1,775 per month and waited from the time of his retirement at age 59-1/2 until he reached age 65 to request that the court relieve him of his spousal support obligation.
 {¶ 6} Minnie testified that she earns approximately $14,300 per year and expects to earn approximately $21,500 in 2003 because she will be entitled to some of John's railroad pension. She lives in the former marital home, which has no mortgage. She works part-time because she cares for her mother who has dementia and is in assisted living. She is the joint owner of a bank account with her mother in the amount of approximately $700,000. She testified that she manages her mother's finances, but has never used these funds for her own expenses. She also testified that she has never been required to invade the principal of this joint account to meet her mother's needs.
 {¶ 7} On December 30, 2002, the magistrate issued her amended decision and granted John's motion to modify support. Specifically, the magistrate found a change in circumstances necessitating a modification of the spousal support from $1,775 per month to $600 per month, effective January 24, 2002 and terminating on October 17, 2002, John's 65th birthday.
 {¶ 8} Both parties filed objections to the magistrate's decision. On August 4, 2003, the trial court sustained Minnie's objections and on October 10, 2003, the trial court issued its own decision. In that decision, the trial court granted John's motion to modify spousal support and reduced his spousal support obligation to $750 per month, effective January 24, 2002 and terminating upon the death of Minnie's mother.
 {¶ 9} It is from this decision that both parties now appeal and raise two assignments of error each. They will be addressed out of order and together where appropriate.
 {¶ 10} "II. The judgment entry is void inasmuch as the trial judge who entered the order previously docketed her voluntary recusal from the case."
 {¶ 11} In his second assignment of error, John argues that the trial judge lacked authority to issue any orders in this case after her voluntary recusal on January 31, 1990 and that all such orders are void and without authority. In support of his argument, John cites State ex rel. Stern v. Mascio (1998),81 Ohio St.3d 297, 299, for the proposition that any judgments entered by a recused judge after his recusal are void. John's reliance on this case is misplaced and not dispositive of the issue before us for the following reasons.
 {¶ 12} The voluntary recusal of a judge from a case makes all judicial acts by that judge on that case voidable, subject to a timely objection. Tari v. State (1927), 117 Ohio St. 481, 494;In re Torres (Dec. 2, 1999), Cuyahoga App. No. 75266; White v.White (May 30, 1980), Cuyahoga App. No. 41335. Indeed, inMascio, the State timely objected to the trial judge's rulings made after his voluntary disqualification.[1]
 {¶ 13} Here, the trial judge voluntarily recused herself on January 31, 1990. However, a review of the record demonstrates that she continued to preside over the matter and, in fact, signed most of the subsequent orders issued by the court. In fact, although the case was reassigned to the administrative judge on January 31, 1990, the record shows that the administrative judge issued only five orders during the pendency of the case. Generally, if a party has knowledge of an error with sufficient time to object before the judge takes any action, that party waives any objection to the claimed error by failing to raise that issue on the record before the action is taken.Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.,Inc. (1993), 67 Ohio St.3d 274, 279; Mark v. Mellott Mfg. Co.,Inc. (1995), 106 Ohio App.3d 571, 589; Sagen v. Thrower (Apr. 8, 1999), Cuyahoga App. No. 73954. Therefore, a litigant who had the opportunity to raise a claim in the trial court but failed to do so waives the right to raise that claim on appeal. Id.
 {¶ 14} Here, the record demonstrates that both parties were aware that the originally assigned judge continued to preside over the matter despite her recusal. Indeed, the record is replete with numerous judgment entries throughout the proceedings that clearly show that John knew that the originally assigned judge continued to exercise her jurisdiction over the matter. Unlike in Mascio, supra, there is nothing in the record to indicate that John ever objected to the trial court's proceeding on the matter. Accordingly, we find John's failure to object to having the matter heard by the judge originally assigned precludes him from advancing this challenge on appeal. Ibid.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} "I. The trial court abused its discretion in failing to terminate appellant's spousal support obligation in conjunction with its granting of appellant's motion to modify support.
 {¶ 17} "Cross-Assignment of Error I. The trial court erred in modifying the spousal support order."
 {¶ 18} In these assignments of error, John and Minnie both argue that the trial court erred in its modification of the spousal support order. Specifically, Minnie claims that the trial court erred in reducing the spousal support obligation whereas John claims that his support obligation should have been terminated.
 {¶ 19} In domestic relations matters, a trial court is vested with broad discretion in the award of spousal support. Blakemorev. Blakemore (1983), 5 Ohio St.3d 219, 219. We will not disturb the trial court's decision regarding the modification of spousal support on appeal unless the trial court abused that discretion. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 20} The burden of establishing the need for a modification of spousal support rests with the party seeking the modification.Tremaine v. Tremaine (1996), 111 Ohio App.3d 703. In order to obtain a modification, that party must demonstrate a substantial change in circumstances that was not contemplated at the time of the original order. Id. A change of circumstances includes, but is not limited to any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses. R.C. 3105.18(F). The change of circumstances must not have been brought about by the party seeking the modification.Roach v. Roach (1989), 61 Ohio App.3d 315, 319.
 {¶ 21} Here, we do not find that the trial court abused its discretion in modifying the spousal support order. The record demonstrates that John offered credible testimony that he was not voluntarily unemployed. After his employer was taken over by another company, it became prudent for him to retire at age 59. Specifically, his salary in 1996 had diminished by almost 60% and his retirement benefits were based on his highest three years of income. An early retirement can be considered an involuntary decrease in a person's salary where the party demonstrates that it was economically sound to take an early retirement. See Roachv. Roach (1989), 61 Ohio App.3d 315, 319.
 {¶ 22} Minnie also argues that John's new wife earns a substantial living. However, an obligor's second spouse's income or assets is not to be considered when determining the obligor's ability to pay spousal support. Carnahan v. Carnahan (1997),118 Ohio App.3d 393, 401. Accordingly, the trial court did not err when it refused to include John's spouse's income for the purpose of determining spousal support.
 {¶ 23} Finally, the record demonstrates that since the death of her father in the mid to late 1990's, Minnie has been caring for her mother and is a joint custodian of her accounts, which have a current value of approximately $700,000 and will become her sole property upon the death of her mother.
 {¶ 24} After reviewing the record, we conclude that the trial court's decision to modify John's spousal support payment from $1,775 per month to $750 per month is equitable and not an abuse of discretion. John earns approximately $67,000 annually and, at the current obligation of $1,775 per month, would be paying $21,300 per year to support Minnie, who although presently only working part-time, will be entitled to an inheritance of over $700,000.
 {¶ 25} Accordingly, we do not find that the trial court abused its discretion in determining that a substantial change of circumstances occurred and in deriving its modified award. We also do not find that the trial court erred in failing to terminate John's spousal support obligation. Indeed, upon the death of Minnie's mother, John's spousal support obligation will cease.
 {¶ 26} John's first assignment of error and Minnie's first cross-assignment of error are overruled.
 {¶ 27} "Cross-Assignment of Error II. The trial court erred in adding the death of appellee's mother as a basis for terminating the spousal support."
 {¶ 28} In her second cross-assignment of error, Minnie argues that the trial court erred in terminating John's spousal support obligation upon the death of her mother because her mother's death is not a change in circumstances under R.C. 3105.18(E).
 {¶ 29} Pursuant to R.C. 3105.18(E), the trial court may modify the duration of spousal support if there is a substantial change in circumstances. If the trial court determines a change in circumstances has occurred, it must then weigh all relevant and equitable factors, including those listed in R.C. 3105.18, before modifying the existing order. A potential future interest in an unrealized inheritance may be considered by the trial court if it determines the potential inheritance to be a relevant and equitable factor. Sirk v. Sirk (July 20, 1998), Butler App. No. CA97-10-189; Cyrus v. Cyrus (Nov. 29, 1995), Lorain App. No. 95-CA-6040; Griffin v. Griffin (March 9, 1993), Franklin App. No. 92AP-1305. Indeed, R.C. 3105.18(C)(1)(a) provides that the court must consider "the income of the parties, from all sources" when determining the duration of spousal support.
 {¶ 30} Here, the trial court was within its discretion in considering Minnie's potential inheritance as a relevant and equitable factor since she stands to inherit approximately $700,000 upon the death of her mother. Accordingly, we do not find that the trial court abused its discretion in terminating John's spousal support obligation upon the death of Minnie's mother.
 {¶ 31} Minnie's second cross-assignment of error is overruled.
Judgment affirmed.
It is ordered that appellant/cross-appellee and appellee/cross-appellant shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Cooney, J., concur.
[1] The judge recused himself on February 12, 1998. On February 18, and February 20, 1998, the judge issued two rulings. On February 23, 1998, the State sought a writ of prohibition to rule that all orders after February 12 were void.