JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Daniel Cintron ("appellant") appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was indicted on the following counts: one count of kidnapping in violation of R.C. 2905.01, a felony of the first degree, with a sexual motivation specification in violation of R.C. 2941.147, as well as a sexually violent predator specification in violation of R.C. 2941.148; count two, attempted rape, in violation of R.C. 2923.02 and 2907.02, a felony of the second degree, and a sexually violent predator specification; and count three, intimidation, in violation of R.C. 2921.04, a felony of the third degree. Appellant pled not guilty to these charges and signed a jury waiver. On March 14, 2007, a bench trial commenced. The appellant's Crim.R. 29 motion was denied on all counts.
 {¶ 3} The trial court returned guilty verdicts on all counts of the indictment including the sexual motivation specification. The appellant retained new counsel who filed a motion to refer appellant for a psychiatric evaluation, which the trial court granted. Appellant filed a motion to transfer the case to the mental health court docket, which was denied. On May 10, 2007, appellant was sentenced to three years of incarceration plus postrelease control and labeled as a sexually oriented *Page 4 
offender. On July 12, 2007, appellant filed his appellate brief with this court, alleging four assignments of error.
 II. {¶ 4} Appellant's first assignment of error provides the following: "Defendant-appellant was denied the effective assistance of trial counsel."
 {¶ 5} Appellant's second assignment of error provides the following: "There was insufficient evidence to convict Mr. Cintron of counts one and two."
 {¶ 6} Appellant's third assignment of error provides the following: "The conviction of appellant on counts one and two was against the manifest weight of the evidence."
 {¶ 7} Appellant's fourth assignment of error provides the following: "Defendant could not be convicted of both kidnapping and attempted rape as they are allied offenses of similar import."
 III. {¶ 8} In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, the dual prongs of the test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, must be satisfied. A defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive him of a fair and reliable trial. Id. at 687. *Page 5 
 {¶ 9} The Ohio Supreme Court set forth a similar two-part test:
 "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."
State v. Bradley (1989), 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373.
 {¶ 10} Because there are countless ways to provide effective assistance in any given case, the scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, supra; accord State v. Bradley, supra. In sum, it must be proven that counsel's performance fell below an objective standard of reasonable representation, and that prejudice arose from his performance. Id.
 {¶ 11} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164. "Judicial scrutiny of counsel's performance must be highly deferential * * *," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Strickland, supra, at 689. *Page 6 
 {¶ 12} Appellant argues in his first assignment of error that he was denied effective assistance of counsel. Specifically, appellant claims that his counsel was ineffective in not having a psychological evaluation performed prior to trial. However, there is nothing in the record demonstrating that a psychological evaluation was needed. There is no evidence appellant displayed any type of behavior that would alert trial counsel to make such a request.
 {¶ 13} A post-trial motion found appellant has an I.Q. of 53. Appellant contends that his plea should have been changed to guilty by reason of insanity. However, simply having a low I.Q. does not mean that appellant was insane at the time of the crime.
 {¶ 14} We find nothing in the record to demonstrate ineffective assistance of counsel on the part of appellant's trial counsel. The conduct in this case did not constitute a substantial violation of any of defense counsel's essential duties to the client. Furthermore, we find that the record demonstrates that appellant was not prejudiced by counsel.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Appellant argues in his second and third assignments of error that the evidence was insufficient to convict him, and the conviction was against the manifest weight of the evidence. Due to the substantial interrelation between appellant's second and third assignments of error, we shall address them together below. *Page 7 
 {¶ 17} The test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same challenge based upon the sufficiency of the evidence to support a conviction. The standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence is as follows: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompson (1998), 127 Ohio App.3d 511,713 N.E.2d 456.
 {¶ 18} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. *Page 8 
 {¶ 19} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jurors that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, their verdict shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact-finder's resolution of the conflicting testimony. Id.
 {¶ 20} As to a claim that a judgment is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983),20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses are *Page 9 
primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 21} It is with the above standards in mind that we begin our analysis of the case at bar. Appellant argues that the state failed to meet its burden of proving each element beyond a reasonable doubt.
 {¶ 22} R.C. 2905.01, Kidnapping, provides the following:
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * *
 (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will; * * *."
 {¶ 23} Appellant argues that the victim was not threatened. However, a review of the evidence demonstrates that the victim was, indeed, threatened. The victim testified that she felt threatened when appellant pulled out the screwdriver and also when he threatened to burn down her business or her house if she told his girlfriend, the police, or anyone else.
 {¶ 24} Although the victim stated that she may not initially have felt threatened by appellant, she was afraid and confused. Appellant was a regular customer so there was not any reason for the victim to feel threatened until appellant began to exhibit threatening behavior. After entering the café, appellant tried to grab the phone from the victim. Appellant then pulled out his penis and said, "come and suck *Page 10 
it."[1] Appellant then came around the table and began hitting her in the arm with his penis.
 {¶ 25} Appellant then grabbed the victim around the shoulder and neck, grabbed her hair, pulled her head back, and stuck his tongue down her throat. Appellant proceeded to pull out a screwdriver as he was trying to force her face down, telling her to suck his penis. The victim testified that she was trying to push appellant off of her during his attack. The victim further testified that she felt threatened when appellant pulled out the screwdriver and later said that he would come back and burn the place down.[2]
 {¶ 26} In addition to the above, additional testimony was provided at trial. Detective Arthur King of the Cleveland Police Sex Crimes Unit testified that he investigated this crime and had the opportunity to interview the victim by taking her written statement. In the course of his investigation Detective King learned that appellant entered the victim's place of business, exposed his penis, grabbed the victim, put a screwdriver to her neck, and attempted to force her mouth down onto his penis.
 {¶ 27} Detective Kristine Rayburn of the Cleveland Police Crime Scene Unit also testified in this case, stating that she took nine photos of the café and the *Page 11 
victim's neck. She testified that because of an equipment malfunction, only one of the photos was developed properly. Detective Rayburn further testified that she took a photo of the back of the victim's neck, and it showed some sort of injury or defect. In addition to the testimony above, appellant testified on his own behalf. Appellant admitted that he was a recovering heroin addict with previous domestic violence convictions that included his girlfriends and mother as victims.
 {¶ 28} Based on the substantial evidence in the record, we find no error on the part of the lower court concerning appellant's convictions. Moreover, we find the evidence in the record to be legally sufficient to support the trial verdict as a matter of law. We find that there is substantial evidence upon which the court could reasonably conclude appellant committed the offenses charged. Moreover, we conclude that there is nothing in the record to suggest that the trial court clearly lost its way and created such a miscarriage of justice as to require a reversal of appellant's conviction.
 {¶ 29} Accordingly, appellant's second and third assignments of error are overruled.
 {¶ 30} Appellant argues in his final assignment of error that he could not be convicted of both kidnapping and attempted rape because they are allied offenses of similar import. However, appellant waived his right to now claim on appeal that his kidnapping conviction merged with his rape conviction. *Page 12 
 {¶ 31} Generally, if a party has knowledge of an error with sufficient time to object before the judge takes any action, that party waives any objection to the claimed error by failing to raise that issue on the record before the action is taken. Tissue v. Tissue, Cuyahoga App. No. 83708, 2004-Ohio-5968; Belvedere Condominium Unit Owners Assn. v. R.E.Roark Cos., Inc., 67 Ohio St.3d 274, 279, 1993-Ohio-119,617 N.E.2d 1075; Mark v. Mellott Mfg. Co., Inc. (1995), 106 Ohio App.3d 571, 589,666 N.E.2d 631; Sagen v. Thrower (Apr. 8, 1999), Cuyahoga App. No. 73954. Therefore, a litigant who had the opportunity to raise a claim in the trial court, but failed to do so, waives the right to raise that claim on appeal. Id.
 {¶ 32} Appellant failed to raise these issues at the trial court level. Accordingly, he has waived the right to now raise the issue on appeal.
 {¶ 33} Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
MARY EILEEN KILBANE, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] Tr. 11.
[2] Tr. 34.