[Cite as *State ex rel. Fischer Asset Mgt., L.L.C. v. Scott*, 2023-Ohio-3891.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL. FISCHER
ASSET MANAGEMENT, LLC,  :

     Relator,  :

                             No. 113237

     v.  :

JUDGE W. MONA SCOTT,  :

     Respondent.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED
**DATED:** October 24, 2023

---

Writ of Procedendo
Order No. 568635

---

### *Appearances:*

Powers Friedman Linn, PLL, Robert G. Friedman, and
Thomas P. Owen, *for relator*.

Mark Griffin, Cleveland Director of Law, *for respondent*.

SEAN C. GALLAGHER, J.:

{¶ 1} Fischer Asset Management, LLC ("Fischer"), the relator, has filed a complaint for a writ of mandamus. Fischer seeks an order from this court that requires Judge W. Mona Scott, the respondent, to issue a writ of restitution and an

order of eviction in the forcible entry and detainer action that is currently pending in *Fischer Asset Mgt., LLC v. Martez D. Wells*, Cleveland M.C. No. 2023-CVG-004911.

{¶ 2} Although Fischer requests a writ of mandamus, we employ our plenary authority to sua sponte convert the request for a writ of mandamus into a complaint for procedendo. *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 741 N.E.2d 517 (2001). Procedendo shall issue when a court has either refused to render a judgment or has unnecessarily delayed entering judgment. *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929. "[P]rocedendo is more appropriate, since 'an inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994). For the following reason, we grant a peremptory writ of procedendo on behalf of Fischer.

## I. Facts and Procedural History

{¶ 3} The following facts are gleaned from the complaint for procedendo and the docket maintained in *Fischer Asset Mgt., LLC v. Martez D. Wells*, Cleveland M.C. No. 2023-CVG-004911:[1]

---

[1] This court is permitted to take judicial notice of court filings that are readily accessible from the internet. *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

(1) Fischer is the landlord of residential property located at 3161 West 31st Street, Cleveland, Ohio, that is rented at the rate of $800 per month to a tenant;

(2) the tenant did not make monthly rental payments after March 2023;

(3) on April 28, 2023, Fischer served the tenant with a "3 day notice to vacate" pursuant to R.C. 1923.04;

(4) on May 4, 2023, Fischer file a complaint for forcible entry and detainer;

(5) on June 30, 2023, a hearing was held at which time Fischer and the tenant entered into an agreement which provided that the tenant would be allowed to remain in possession of the rental property so long as past due rent was tendered in the amount of $2,000 by July 3, 2023, and $1,600 by July 26, 2023;

(6) tenant failed to make the agreed payments;

(7) on July 27, 2023, a magistrate issued a decision that recommended judgment for Fischer on the claim of forcible entry and detainer and writ of restitution;

(8) on July 27, 2023, Judge Scott approved and confirmed the magistrate's decision and ordered judgment for Fischer on the claim of forcible entry and detainer and a writ of restitution;

(9) on July 31, 2023, Fischer filed a praecipe for a writ of restitution;

(10) on October 2, 2023, the underlying action was continued, at the request of Judge Scott, to December 11, 2023.

## II. Legal Analysis

{¶ 4} To be entitled to a writ of procedendo, Fischer must demonstrate a clear legal right to require Judge Scott to proceed, a clear legal duty on the part of Judge Scott to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 671 N.E.2d 24 (1996); *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 650 N.E.2d 899 (1995). If it appears beyond doubt that Fischer is entitled to a writ of procedendo, a peremptory writ shall be issued. *State ex rel. Stern v. Mascio*, 81 Ohio

St.3d 297, 691 N.E.2d 253 (1998); *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 669 N.E.2d 835, 839 (1996).

{¶ 5} Forcible entry and detainer actions are governed by R.C. Chapter 1923. The purpose of the forcible entry and detainer statutes is to *provide a summary, extraordinary, and speedy method* for the recovery of possession of real property. *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131, 423 N.E.2d 177 (1981); 24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2. "'[G]iven its summary nature, the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy.'" *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000), quoting *Jackson* at 131.

{¶ 6} R.C. 1923.02(A)(9) creates a cause of action for forcible entry and detainer "[a]gainst tenants who have breached an obligation imposed upon them by a written rental agreement." It is undisputed that the tenant breached the terms of the lease by failing to pay rent. R.C. 1923.04(A) requires the landlord give the tenant notice of the eviction action "three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted." Fischer provided the tenant with the required three-day notice. Also, the facts demonstrate that Fischer complied with all of the requirements of R.C. 1923.01 et seq. for immediate possession of the real property currently occupied by the tenant. Fischer is entitled

to a peremptory writ of procedendo that requires Judge Scott to immediately issue a writ of restitution and an order of eviction.

## III. Duties Under R.C. Chapter 1923

{¶ 7} R.C. 1923.09(A) provides that if the judge finds the complaint for forcible entry and detainer to be true, the judge shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of suit. Once again, this court is perplexed by the conduct of Judge Scott that seems to thwart the purpose of R.C. Chapter 1923 by not providing a summary, extraordinary, and speedy method for the recovery of possession of Fischer's real property. In fact, seven prior complaints for mandamus or procedendo, plus an appeal, have been filed with this court in the past year that demonstrate Judge Scott's delay in issuing writs of restitution and orders of evictions:

> (1) *Shaker House LLC v. Daniel*, 8th Dist. Cuyahoga No. 111183, 2022-Ohio-2778 (8/11/22 — trial court judgment reversed, and Judge Scott ordered to grant forcible entry and detainer to landlord);
> (2) *State ex rel. Shaker House, LLC v. Scott*, 8th Dist. Cuyahoga No. 111952 (9/29/22 — complaint for mandamus voluntarily dismissed because forcible entry and detainer granted in Cleveland M.C. No. 21-CVG-008203);
> (3) *State ex rel. Glenville Plaza Holding, LLC v. Scott*, 8th Dist. Cuyahoga No. 112264 (2/15/23 — complaint for mandamus declared moot because forcible entry and detainer granted in Cleveland M.C. No. 2022-CVG-007026);
> (4) *State ex rel. Shaker Hts. Apts. Owner, LLC v. Scott*, 8th Dist. Cuyahoga No. 112587, 2023-Ohio-1901 (6/2/23 — complaint for procedendo and mandamus declared moot because forcible entry and detainer adjudicated in 28 Cleveland M.C. cases);
> (5) *State ex rel. Shaker Hts. Apts. Owner v. Scott*, 8th Dist. Cuyahoga No. 112769, 2023-Ohio-2589 (7-21-23 — procedendo and mandamus ordered to resolve forcible entry and detainer action in Cleveland M.C. No. 2023-CVG-002960);

(6) *State ex rel. Cleveland 2, LLC v. Scott*, 8th Dist. Cuyahoga No. 112961, 2023-Ohio-3066 (8/25/23 — procedendo and mandamus ordered to resolve forcible entry and detainer action in Cleveland M.C. No. 2023-CVG-003640);

(7) *State ex rel. AIY Properties, Inc. v. Scott*, 8th Dist. Cuyahoga No. 112962 (8/7/23 — procedendo and mandamus moot because tenant vacated premises);

(8) *State ex rel. AIY Properties, Inc. v. Scott*, 8th Dist. Cuyahoga No. 113029, 2023-Ohio-33484 (9/25/23 — procedendo and mandamus ordered to resolve forcible entry and detainer action in Cleveland M.C. No. 2023-CVG-003825).

{¶ 8} The continued conduct of Judge Scott, by failing to provide a summary, extraordinary, and speedy method for the recovery of possession of real property, in forcible entry and detainer actions, may be the result of the failure to appreciate the statutory requirements of R.C. Chapter 1923 or a misunderstanding of the purpose of R.C. Chapter 1923 by Judge Scott's staff. Regardless, Judge Scott is placed on notice that the continued delay in granting writs of restitution and orders of eviction, when mandated, may result in this court assuming such failures to act are intentional.[2]

---

[2] Canons 1 and 2 of the Ohio Code of Judicial Conduct requires all judges to uphold and promote independence, integrity, and impartiality of the judiciary, and to avoid impropriety and the appearance of impropriety. The implementation of judicial discipline is to protect the general public, guarantee the evenhanded administration of justice, and maintain the public's confidence in the integrity of the judiciary. *Disciplinary Counsel v. Carr*, 170 Ohio St.3d 401, 2022-Ohio-3633, 214 N.E.3d 496; *Disciplinary Counsel v. Horton*, 158 Ohio St.3d 76, 2019-Ohio-4139, 140 N.E.3d 561; *Disciplinary Counsel v. Burge*, 157 Ohio St.3d 203, 2019-Ohio-3205, 134 N.E.3d 153. The continued reluctance of Judge Scott, to provide a summary, extraordinary, and speedy method for the recovery of possession of real property, in forcible entry and detainer actions, may result in the referral of her conduct to the Disciplinary Counsel of the Board of Professional Conduct for violation of the Code of Judicial Conduct and the Rules of Professional Conduct.

## IV. Conclusion

{¶ 9} We sua sponte grant a peremptory writ of procedendo and order that Judge Scott immediately issue a writ of restitution and an order of eviction on behalf of Fischer in *Fischer Asset Mgt., LLC v. Martez D. Wells*, Cleveland M.C. No. 2023-CVG-004911.

{¶ 10} Costs to Judge Scott. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B). In addition, the clerk of courts shall forthwith deliver a copy of this opinion to Judge Scott and shall note upon the docket the date and time of delivery of the opinion to Judge Scott.

{¶ 11} Peremptory writ of procedendo granted.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR