In re Guardianship of Irvine.

(No. 450—Decided February 27, 1943.)

*Mr. Barton W. Blair, Mr. Robert J. Grossman* and *Mr. Jay S. McDevitt,* for the ward, appellant.

*Mr. B. E. Sapp* and *Mr. R. L. Carr,* for the guardian, appellee.

SHERICK, J. This case is here on appeal from an order of the Probate Court refusing to remove a guardian upon the application of the ward. The matter is now before this court upon motion to dismiss the appeal. It is predicated upon three grounds. First, that the ward is attempting by the course followed to avoid a determination of questions that should have been made by an appeal from the original appointment. Second, that there is no valid bill of exceptions upon file in this proceeding. Third, that the order now attempted to be reviewed is not a final order reviewable on appeal. It is advisable that the grounds assigned in support of the motion should be considered in their inverse order.

Section 10501-56, General Code, as enacted in 114 Ohio Laws, 320, 336, specifically provided that an appeal from the Probate Court to the Common Pleas Court might be taken "from an order removing or refusing to remove" a "guardian." The same section as amended in 118 Ohio Laws, 78, in part provides, that appeals may be had from Courts of Probate to Courts of Appeals, "from any final order, judgment or decree of the Probate Court" on questions of law. At the same time and within the same act (House Bill No. 6) the Legislature amended Section 12223-3, General Code, a section of the Appellate Procedure Act, which now reads in part:

"*Every final order,* judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission *may be*

*reviewed as hereinafter provided, unless otherwise provided by law."* (Italics ours.)

It should clearly appear therefrom that appeals on questions of law from Probate Courts to Courts of Appeals are now permissible, provided that the order appealed from is final in character and is not otherwise denied, that is, "unless otherwise provided by law." Appellee does not direct our attention to any statute that denies one a right of appeal from a probate order refusing to remove a guardian. Neither does our search reveal any such statute. This leaves but one question. Is such an order a final one "affecting a substantial right made in a special proceeding" as defined in Section 12223-2, General Code.

In *North* v. *Smith*, 73 Ohio St., 247, 76 N. E., 619, the court considered the finality of an order removing a guardian. Although the court's judgment in part turns on the predecessor section to Section 10501-56, General Code, as it stood enacted in 114 Ohio Laws, 320, 336, nevertheless the court held that the term substantial right involves the idea of a legal right and is one which the law will protect and enforce. Speaking of the order removing a guardian, the court says that "the rights involved in this order seem to come easily within that definition." By the same parity of reasoning it should be equally clear that a ward's right to removal of a guardian upon proper grounds is of even greater magnitude, because if a ward is unjustly denied that right, he or she not only is forbidden a legal right but a guaranteed constitutional right to enjoy his or her liberty and property.

We therefore hold that the order appealed from is a final order affecting a substantial right; and that no remedial statute now exists which abridges an exercise of that right.

Appellee's second ground for sustaining the motion to dismiss the appeal is without foundation. We find within the files a bill of exceptions that has been corrected and allowed by the trial judge. Need it be said, that it imports absolute verity as it now stands.

The appellee's first stated ground is not borne out by the transcript of the docket and journal entries. The original papers and the record likewise establish the contrary. The ward attacks the guardian's appointment upon the ground that she was not served with notice, or that the service attempted to be made upon her was improperly done. The ward's second ground of attack is that she never consented to appointment of a guardian over her although she has been adjudged "incompetent by reason of advanced age and physical disability." It should be clear that she is not, by her application for removal, seeking to relitigate the truth of the grounds for the appointment of her guardian. The question now presented is the matter of the court's jurisdiction over her person and estate. She now questions the court's authority to make any order other than one of dismissal.

Appellee complains of appellant's failure to move for a new trial. That question is prematurely advanced and will be considered in proper season. The motion is overruled.

*Motion overruled.*

MONTGOMERY, P. J., and PUTNAM, J., concur.