IN RE DISQUALIFICATION OF CELEBREZZE.

KUNTZ *v.* KUNTZ.

[Cite as *In re Disqualification of Celebrezze* (1992), 74 Ohio St.3d 1242.]

(No. 92–AP–045—Decided September 10, 1992.)

MOYER, C.J. This affidavit of disqualification was filed by Robert C. Wentz, counsel for defendant, James Kuntz, seeking the removal of Judge James P. Celebrezze from further proceedings in the above-captioned case.

Affiant claims that at a March 18, 1992 pretrial conference, Judge Celebrezze indicated that he would overrule affiant's objections to the referee's report, after

independently reviewing the matter as required by law. According to affiant, this statement was made prior to Judge Celebrezze's receipt of the objections. Affiant claims this statement made it clear to him that Judge Celebrezze had prejudged the matter and created an appearance of impropriety.

Judge Celebrezze contends he would not summarily adopt the referee's report and notes that the statement attributed to him by affiant includes reference to an independent review of the issues pending before the referee.

The record fails to affirmatively establish the existence of bias or prejudice on the part of Judge Celebrezze. However, not only must a judge's actions be above reproach, but the integrity of our judicial system requires that litigants who appear before a judge have the confidence that their cause will be heard in a fair and impartial manner. The record contains a sworn statement of an officer of the court who expresses "great reluctance" in having to file this affidavit of disqualification, but who states his belief that Judge Celebrezze " * * * has expressed a predisposition of thought and opinion in this matter * * *."

The record also contains copies of three orders issued by Judge Celebrezze after the affidavit of disqualification was filed on March 25, 1992. On March 27, 1992, Judge Celebrezze received a letter from this court notifying him that an affidavit of disqualification had been filed in the underlying case and advising him that he " * * * should not proceed with the case until the Chief Justice has passed on the issue of disqualification."

The conclusion that a judge should not proceed in a cause or action after a party has raised an issue regarding that judge's ability to fairly and impartially preside in the cause or action first was announced in *Wolf v. Marshall* (1929), 120 Ohio St. 216, 165 N.E. 848. As stated by the court in *Cuyahoga Cty. Bd. of Mental Retardation v. Assn. of Cuyahoga Cty. Teachers of the Trainable Retarded* (1975), 47 Ohio App.2d 28, 1 O.O.3d 168, 351 N.E.2d 777, it is impossible to " * * * conceive of a rule that would allow a judge to proceed to adjudicate a case when the question of the judge's bias or prejudice has not yet been resolved." *Id.* at 36, 1 O.O.3d at 173, 351 N.E.2d at 784.

The orders entered by Judge Celebrezze during the pendency of this affidavit of disqualification appear to go beyond mere "ministerial actions" of the type approved of in *Evans v. Dayton Newspapers, Inc.* (1989), 57 Ohio App.3d 57, 566 N.E.2d 704. However, it is beyond the constitutional and statutory authority given to the Chief Justice in affidavit-of-disqualification proceedings to void or overrule actions taken by a trial judge after the affidavit has been filed. Section 5(C), Article IV of the Ohio Constitution and the relevant statutory provisions enacted pursuant to that provision limit the authority of the Chief Justice to passing on the matter of disqualification and, if necessary, assigning a judge to

replace a judge who has been disqualified. The cases cited above support this conclusion.

Upon reviewing the conduct of Judge Celebrezze in this case and in the interest of maintaining the absolute confidence of the parties and the public in the trial of this matter, it is ordered that Judge James P. Celebrezze participate no further in these proceedings. Pursuant to the finding that Judge Celebrezze is disqualified from further proceedings in this case, the case is returned to the administrative judge of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas for reassignment to another judge of that division.