In re Disqualification of Cox.

Kilcoyne *v.* Plain Dealer Publishing Company et al.

[Cite as *In re Disqualification of Cox* (1995), 74 Ohio St.3d 1276.]

(No. 95–AP–073—Decided June 26, 1995.)

Moyer, C.J. This affidavit of disqualification was filed by James F. Kilcoyne seeking the disqualification of Judge Donald A. Cox from further proceedings in the above-captioned case.

Affiant makes several allegations in support of his claim that Judge Cox is biased and prejudiced against him, including the granting of a continuance of the October 1994 trial date, the conducting of a pretrial conference in the offices of the defendant's law firm, which was held at that location with the agreement of all parties, alleged *ex parte* communications between Judge Cox and counsel for the defendants, rulings made by Judge Cox immediately prior to and following his assumption of the post of state Inspector General, and the appointment of Judge Corts and later reappointment of Judge Cox following the withdrawal of

his nomination. According to affiant, these actions demonstrate some impropriety on the part of Judge Cox and mandate his disqualification. Affiant requests that Judge Cox be disqualified and that his rulings to grant summary judgment in favor of defendants be overturned.

Many of affiant's allegations are the product of disagreement or dissatisfaction with procedural and substantive legal rulings made by Judge Cox culminating in his order granting the defendants' motion for summary judgment. Those rulings are subject to appeal and are not evidence of bias or prejudice that requires disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459. The remaining allegations that relate to the appointment of Judge Cox as state Inspector General, his subsequent resignation from that post, and his later reassignment to this case do not support affiant's claim of bias, prejudice, or impropriety that requires the disqualification of Judge Cox from this case. Accordingly, the affidavit of disqualification is found not well taken and is denied.

Affiant also has requested that Judge Cox be instructed to vacate two orders that were journalized by Judge Cox on May 26, 1995, two days after this affidavit of disqualification was filed. The record indicates that the affidavit of disqualification was filed on May 24 and that a letter notifying Judge Cox of the filing of the affidavit was mailed from this court on May 25. Thus, it is unclear from the record that Judge Cox was aware of the filing of the affidavit at the time his orders were journalized in Cuyahoga County on May 26. In any event, the Chief Justice does not possess the statutory authority in considering and ruling on affidavits of disqualification to overrule allegedly improper orders that may have been made during the pendency of an affidavit. *In re Disqualification of Celebrezze* (1992), 74 Ohio St.3d 1242, 657 N.E.2d 1348, and *In re Disqualification of Reece* (Jan. 23, 1995), No. 94–AP–204, unreported. Therefore, affiant's request to vacate the May 26, 1995 orders is denied.