[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from three judgments of the Lucas County Court of Common Pleas, Probate Division, in a dispute concerning the appointment of guardians of the person and the estate of the ward, Olivia G. Lajoie, ("Olivia"). Appellant, Lawrence J. Massillo, Olivia's brother, sets forth the following assignments of error:
"Assignment of Error No. 1
 "The Lucas County Probate Court did not conduct a hearing on the appointment of [sic] a Guardian as required by ORC 2111.02.
"Assignment of Error No. 2
 "Chief Magistrate Frederick did not prepare any minutes or notes of proceedings by the Chief Magistrate both as to the conference with all parties on August 15, 1995 and the conference conducted on November 27, 1995 [sic] and the Appellant was prejudiced thereby.
"Assignment of Error No. 3
 "The Trial Court has created what appeared to be an interlocutory order (The Entry of August 23, 1995) and has taken the position in these proceedings that it is a final order to the prejudice of this Appellant (sic)
"Assignment of Error No. 4
 "The Probate Court failed to follow the clear directives of CP Sup R. 42(d) (sic)
"Assignment of Error No. 5
 "The trial judge demonstrated a prejudice to the position of the Appellant by prejudging motions of the Appellant prior to hearing, the judge in order to rule in favor of the appellant would have to find improper conduct on the part of his chief magistrate as well as himself in dealing with the issues in this case, and as such should have disqualified himself.
"Assignment of Error No. 6
 "Judge Puffenberger acted improperly in seeking to have a subpoena served (sic) upon him quashed and his actions were to the prejudice of this Appellant (sic)
"Assignment of Error No. 7
 "The trial court committed error when it excluded evidence in support of the 60(b)(5) (sic) motion.
"Assignment of Error No. 8
 "Due to the number of errors committed by the trial court both in the process of appointing a guardian and in handling of the motions of this Appellant, sufficient error exists that this Court should apply the `Plain Error Doctrine.'"
The following facts are relevant to this appeal. On July 28, 1995, an application for an appointment of a guardian of an alleged incompetent was filed by Olivia's stepson, Mark Lajoie ("Mark"). The expert evaluation filed at the time of the application stated that Olivia suffered from an organic mental condition manifested by paranoia, delusion, memory impairment and poor judgment. Mark was appointed guardian of the estate on July 31, 1995, pursuant to R.C. 2111.04(B). On August 7, 1995, the probate court issued a judgment entry in which it found that Mark had never taken the required oath of the guardian and that no letters of guardianship were issued to him. The probate court found that Mark had not been appointed guardian and had no authority to act as the guardian of Olivia.
On August 8, 1995, appellant filed a motion for the appointment of a guardian of the person and estate of Olivia. A hearing on appellant's application was set. The probate court appointed a guardian ad litem for Olivia for the purpose of representing her at the guardianship proceeding. On August 15, 1995, the probate court investigator filed his report in which he reported that Olivia specifically requested that the probate court appoint an independent guardian.
A pretrial conference was held on August 15, 1995 at which appellant and the other brother and sisters of Olivia were present. A judgment entry was issued on August 23, 1995, in which the probate court appointed Jeffrey D. Levy as the guardian of the person ("Levy") and David J. Simko as the guardian of the estate ("Simko").
On December 11, 1995, appellant filed a motion to remove Levy and Simko and to have himself appointed as guardian of the estate and guardian of the person. The basis of appellant's motion was that Levy was the attorney who filed the original guardianship application for Mark and, therefore, had a conflict of interest. As the basis for the conflict of interest, appellant argued that there had been a dispute between Olivia and Mark as to the disbursal of the proceeds from the settlement of the lawsuit for the wrongful death of Mr. Lucien P. Lajoie, Olivia's husband and Mark's father. Appellant also argued that his appointment would conserve guardianship assets as there would be no need to compensate two attorneys. Appellant also filed various motions challenging the payments of fees to the two guardians, including objections to fee applications and motions to stay payments pending the resolution of appellant's motion to remove the guardians.[1]
On June 14, 1996, Levy filed a motion for summary judgment, arguing that any matters occurring before his and Simko's appointments were irrelevant to the issue of their removal and should be excluded from the hearing on appellant's motion. Levy argued that only matters relevant to their duties and powers since the commencement of the guardianship were at issue and relevant. Levy further argued that if appellant wanted to object to any of the probate court's procedure that appellant had to do that by appeal. Appellant filed a memorandum in opposition and Levy filed a reply motion.
On July 8, 1996, appellant filed an affidavit of disqualification of the probate judge and the magistrates serving under him pursuant to R.C. 2701.03. On July 10, 1996, the Ohio Supreme Court denied the affidavit of disqualification.
On October 18, 1996, appellant filed a motion for leave to file an amended supplemental motion to his originally filed motion to remove. Within that motion, appellant also argued for relief pursuant to Civ.R. 60.
A hearing on Levy's motion for summary judgment was held on October 22, 1996. At the hearing, Levy argued that appellant was present at the hearing on August 15, 1995, at which both the guardian ad litem and the probate court investigator recommended the appointment of a non-related, court appointed guardian and attorney.[2] In a judgment entry dated that same day, the probate court denied Levy's motion for summary judgment, finding that the motion was not filed in compliance with Civ.R. 56.
On November 11, 1996, the probate judge was served with a subpoena by appellant. On November 25, 1996, the prosecuting attorney, on behalf of the probate judge, filed a motion to quash the subpoena. The motion to quash was granted.
A hearing on the motion to remove the guardians and the Civ.R. 60(B) motion filed by appellant was held on November 26, 1996. In a judgment entry dated November 27, 1996, the probate court denied appellant's Civ.R. 60(B) motion. The probate court found that appellant's motion related to the guardian appointment process and as the appointment was a final appealable order, any objections to that appointment should have been raised on appeal. The probate court found the Civ.R. 60(B) motion was not timely filed and dismissed the motion.
On December 26, 1996, appellant filed his notice of appeal. Appellant appeals the judgment entries granting the motion to quash; denying/dismissing the Civ.R. 60(B) motion; and allowing fees for the guardian of the person on November 26, 1996.
This court will address appellant's Assignments of Error Nos. One and Two together as these assignments concern the appointment of the guardians. The appointment of the two guardians occurred on August 23, 1995. Appellant did not appeal that judgment entry. On October 18, 1996, appellant first sought relief from the August 23, 1995 appointment. Although appellant is appealing the denial/dismissal of the Civ.R. 60(B) motion, he sets forth these two assignments of error in terms of the grounds raised in his Civ.R. 60(B) motion.
In GTE Automatic Elec., Inc. v. ARC Industries, (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Ohio Supreme Court stated:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
Part of the test articulated in GTE Automatic, supra, requires the trial court to determine whether appellant is entitled to relief under one of the stated grounds of Civ.R. 60(B)(1) through (5). The rule provides that relief may be had when there is:
 "* * * (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment * * *." Civ.R. 60(B).
Civ.R. 60(B)(5) "* * * is a residuary provision, a catchall meant to afford relief in the interest of justice, where relief would not be available under any of the other provisions of Rule (60)(B), but which may not be used as a substitute for any of them."Antonopoulos v. Eisner (1972), 30 Ohio App.2d 187, 193. Specifically, Civ.R. 60(B)(5) may not be used as a substitute for "* * * one of the first three grounds for vacation of a judgment after the one-year limitation has run on one of the first three grounds. * * *" Security Ins. Co. v. Regional Transit Auth. (1982),4 Ohio App.3d 24, 28.
The probate court found appellant's Civ.R. 60(B)(5) motion untimely. This court agrees. A Civ.R. 60(B)(5) motion cannot be used as a substitute for an appeal. Blasco v. Mislik
(1982), 69 Ohio St.2d 684, 686; Dahl v. Kelling (1986), 34 Ohio App.3d 258,260.
Accordingly, appellant's Assignments of Error Nos. One and Two are found not well-taken.
This court will next address appellant's seventh assignment of error. In this assignment of error, appellant contends that the probate court erred when it excluded evidence in support of the Civ.R. 60(B)(5) motion. Appellant argues that the probate court abused its discretion when it denied appellant's Civ.R. 60(B)(5) motion without a hearing. This court finds no merit in appellant's contention.
In Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103-105, the court stated:
 "A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, he must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense.
"* * *
 "Since the movant has the burden of proof, he must present sufficient factual information to warrant a hearing on the motion. He should not take the risk of relying on filing a motion for relief from judgment with little or no facts and conclusions of law.
"* * *
 "A question arises as to when the trial court should grant a hearing before ruling on the motion for relief from judgment.
 "If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion."
This court has thoroughly reviewed the entire record in this case and finds that the probate court did not err in refusing to grant a hearing on appellant's Civ.R. 60(B)(5) motion.
Accordingly, appellant's seventh assignment of error is found not well-taken.
In appellant's third assignment of error, he argues that the probate court created an entry that appeared to be an interlocutory order (August 23, 1995) but has treated this order as a final order to his prejudice. This court finds no merit in appellant's argument.
It is well-established law that an order appointing a guardian is a final order from which an appeal may be taken. InRe Guardianship of Moyer (1941), 68 Ohio App. 319; In ReGuardianship of Irvine (1943), 72 Ohio App. 329, 331. It is clear that the August 23, 1995 judgment entry was a final order from which an appeal could have been taken. Appellant failed to appeal the August 23, 1995 judgment entry. The additional language in the August 23, 1995 judgment entry of which appellant complains simply states the continuing and exclusive jurisdiction over the ward and the guardians of the probate court.[3]
Accordingly, appellant's third assignment of error is found not well-taken.
In the fourth assignment of error, appellant argues that the probate court has failed to follow the mandates of C.P.Sup.R. 42(D). This court finds no merit in this argument.
C.P.Sup.R. 42(D) provides:
 "The compensation of co-guardians in the aggregate shall not exceed the compensation which would have been payable if only one guardian had been performing the duties."
Appellant argues that the probate court failed to follow the directives of C.P.Sup.R. 42(D) because the probate court approved fees to one guardian "without at the same time considering the fees of the other guardian for the same period." Appellant has failed to demonstrate to this court that the probate court approved "compensation of co-guardians in the aggregate * * * [to] exceed the compensation which would have been payable if only one guardian had been performing the duties."
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant contends that the presiding probate court judge demonstrated a prejudice to appellant's position by prejudging motions prior to the hearings. This court finds no merit in this contention.
This court has thoroughly reviewed the entire record in the case sub judice and finds no support for this assignment of error. Although the probate court did not rule in favor of appellant, none of the presiding probate court judge's rulings or his actions demonstrate any bias or prejudice.[4]
Accordingly, appellant's fifth assignment of error is found not well-taken.
In his sixth assignment of error, appellant contends that the presiding probate judge acted improperly in seeking to have the subpoena served on him quashed. This court finds no merit in this contention.
Appellant cites one authority in his argument, In ReDisqualification of Celebrezze (1992), 74 Ohio St.3d 1242. However, that case stands for the proposition that a judge should not proceed to adjudicate a case during the pendency of an affidavit of disqualification. Furthermore, appellant did not preserve a record to support his argument that the probate judge was a material witness and that the motion to quash should not have been granted.
In order to preserve error for appeal, a proffer of evidence which was excluded must be made on the record. Evid.R. 103(A)(2). Appellant made no proffer of the evidence which he was unable to obtain because the motion to quash was granted. This error, therefore, is not properly preserved for appeal. Appellant bears the burden of showing error by reference to matters in the record. When portions of the record necessary for resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon and has no choice but to presume the validity of the lower court's proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Accordingly, appellant's sixth assignment of error is found not well-taken.
In his eighth assignment of error, appellant asserts that, due to the number of errors committed by the probate court, that this court should apply the plain error doctrine. This court finds no merit in this assertion. Having found no merit in any of appellant's prior assignments of error and having found that the probate court did not err in the ways asserted by appellant, this court has no basis for the application of the plain error doctrine.
Accordingly, appellant's eighth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] The attorney originally representing appellant filed a motion to withdraw simultaneously with the motion to remove fiduciaries and application to appoint appellant as guardian on December 11, 1995. The probate court granted the motion to withdraw and appellant's current attorney filed an appearance on February 16, 1996.
[2] According to the deposition testimony of the magistrate, appellant and other family members consented to the appointments of the guardian of the person and the guardian of the estate on August 15, 1995.
[3] R.C. 2101.24(A)(1)(e) provides:
 "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
"* * *
 "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts * * *."
[4] Additionally, this court notes that the Ohio Supreme Court denied two separate affidavits of disqualification filed by appellant to have the presiding probate judge disqualified. The first affidavit was filed on July 8, 1996 and denied on July 10, 1996. The second affidavit was filed on November 19, 1996.