Laron Douglas, petitioner, is seeking a writ of prohibition against respondent, Judge Nancy Fuerst. Petitioner claims his due process and equal protection rights were violated when respondent failed to disqualify herself from his case after respondent replaced her father, Judge Norman Fuerst, on the bench when he retired. Respondent moved to dismiss the petition and, for the reasons that follow, we grant respondent's motion.
A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition that the petitioner can prove no set of facts which would permit recovery. State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 537 N.E.2d 641. To withstand a motion to dismiss in a prohibition action, sufficient facts must be alleged to show that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which there exists no adequate remedy in the ordinary course of law. See State ex rel. McKee v. Cooper (1974), 40 Ohio St.2d 65, 320 N.E.2d 286, paragraph one of the syllabus; State exrel. University Circle Property Development Co. v. Corrigan
(Mar. 17, 1992), Cuyahoga App. No. 63148, unreported. The existence of an adequate remedy is immaterial, however, if a court is completely and unambiguously without jurisdiction to proceed. State ex rel. Sanquily v. Lucas County Court of CommonPleas (1991), 60 Ohio St.3d 78, 573 N.E.2d 606.
Petitioner alleges in his complaint due process and equal protection violations as a consequence of respondent violating R.C. 3.23 and the Code of Judicial Conduct by failing to disqualify herself from his case and by proceeding to issue findings of fact and conclusions of law after her father, Judge Norman Fuerst, now retired, denied petitioner's request for postconviction relief. Construing these allegations as true and admitted, Bush, 42 Ohio St.3d 77, it appears beyond doubt that petitioner can prove no set of facts which would entitle him to a writ of prohibition.
The proper function of the writ of prohibition is to restrain an inferior court from overstepping the parameters of its jurisdiction. Kelley v. State ex rel. Gellner (1916), 94 Ohio St. 331,114 N.E. 255, paragraph three of the syllabus. The writ is not appropriate to correct errors, such as due process or equal protection violations, or to prevent erroneous decisions in cases where the court is legally authorized to adjudicate. See, id.; see, also, State ex rel. Adler v. Court
(1980), 69 Ohio St.2d 1, 398 N.E.2d 787. Petitioner relies on R.C. 3.23, which provides that:
 The oath of office of each judge of a court of record shall be to support the constitution of the United States and the constitution of this state, to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding. The oath of office of every other officer, deputy, or clerk shall be to support the constitution of the United States and the constitution of this state, and faithfully to discharge the duties of his office.
This section, however, does not concern the jurisdiction of respondent or demonstrate that respondent was without the authority to issue findings of fact and conclusions of law. To the contrary, another section of the Code, R.C. 2953.21(C), requires the court to make such findings. The pertinent portion of R.C. 2953.21(C) provides that:
 The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
As a judge in the court of common pleas, respondent clearly had jurisdiction to issue findings of fact and conclusions of law.
Petitioner also contends respondent violated Canon 3 of the Code of Judicial Conduct. The section of Canon 3 that relates most closely to petitioner's contention is Section (E)(1)(d)(iii), which provides as follows:
(E) Disqualification.
 (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
* * *
 (d) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
* * *
(iii) Has acted as a judge in the proceeding.
The Commentary to Section (E)(1)(d)(iii) indicates that this division "applies to appellate judges reviewing decisions rendered by them or a relative as defined in division (E)(1)(d) of this canon." Respondent is not an appellate judge. This section, therefore, does not apply to the circumstances of which petitioner complains. But even assuming that this section applied and that respondent violated the Code of Judicial Conduct by not disqualifying herself from petitioner's case, that violation would not have divested her of the initial jurisdiction to issue findings of fact and conclusions of law. It may have been considered unwise or judicially unethical, but it would not have been an act outside respondent's legal authority or jurisdiction, and the writ of prohibition is only available to prevent excesses of jurisdiction.
Finally, petitioner has not alleged facts to show that respondent is about to exercise any power at all since the act complained of has already occurred. Nor has petitioner alleged facts to show the inadequacy of any remedies available in the ordinary course of law, such as the filing of an Affidavit of Disqualification. See, e.g., In re Disqualification ofCelebrezze (1992), 74 Ohio St.3d 1242, 657 N.E.2d 1348. Consequently, since petitioner cannot show any facts which would warrant relief in prohibition, respondent's motion to dismiss for failure to state a claim is granted.
Case dismissed. Costs to petitioner.
ANNE DYKE, J., CONCURS.
 _______________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE