IN RE DISQUALIFICATION OF BRYANT ET AL.

LESLIE *v.* OHIO DEPARTMENT OF DEVELOPMENT.

[Cite as *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227.]

(No. 06AP–057—Decided June 29, 2006.)

MOYER, C.J.

{¶ 1} Plaintiff Mark A. Leslie has filed an affidavit with the Clerk of this court under R.C. 2501.13 seeking the disqualification of Judges Bryant, French, Klatt, and Travis from acting on any further proceedings in case No. 06–APE–628 in the Court of Appeals for Franklin County.

{¶ 2} Leslie alleges that he has challenged various actions of officials in the administration of Governor Taft, and he contends that Judges French, Klatt, and Travis—all of whom were appointed by the governor—should not be permitted to act on his case. He also states that Judge Bryant ruled against him in an earlier case and therefore ought to be disqualified from hearing this latest appeal.

{¶ 3} I find no basis for ordering the disqualification of the three judges appointed by the governor. "Many judges were involved in politics before taking the bench," and "[p]olitics plays a role in appointment to judicial office." *In re Mason* (C.A.7, 1990), 916 F.2d 384, 385, 386 (holding that a judge was not disqualified from a case even though he had made preappointment contributions to the campaigns of two of the defendants). We presume, however, that judges are able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them. As Judge Easterbrook noted in the *Mason* case, "Chief Justice Burger wrote an opinion that led to the resignation of the President who gave him that office." Id. at 387.

{¶ 4} There is likewise no basis for Judge Bryant's removal. The fact that Leslie did not prevail in an earlier case does not demonstrate that the judge was then or is now biased against him. State and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties. Flamm, Judicial Disqualification (1996) 345, Section 12.3.1. See, e.g., *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909 ("A judge need not recuse himself simply because he acquired knowledge of the facts during a prior proceeding"); *United Union of Roofers, Waterproofers & Allied Workers, Local No. 33 v. Meese* (C.A.1, 1987), 823 F.2d 652, 659 ("It is well established * * * that participation in prior proceedings involving the same or similar facts or parties does not in itself constitute grounds for disqualification").

{¶ 5} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 6} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judges Bryant, French, Klatt, Travis, or any of their colleagues on the court of appeals.