IN RE DISQUALIFICATION OF BURT.

KING *v.* KING.

[Cite as *In re Disqualification of Burt,* 138 Ohio St.3d 1213, 2013-Ohio-5898.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Existence of a friendship between a judge and a party will not disqualify the judge from cases involving the party—The fact that a party in a pending case campaigned for or against a judge is not grounds for disqualification.*

(No. 13-AP-111—Decided December 3, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Geauga County Court of Common Pleas Case No. 2007-DC-00470.

_____

O'CONNOR, C.J.

{¶ 1} Defendant Jennifer L. King has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Forrest W. Burt from presiding over any further proceedings in case No. 2007-DC-00470, a divorce action pending on a postdecree motion in the Court of Common Pleas of Geauga County. This is the second affidavit of disqualification that King has filed against Judge Burt in the underlying case. Her first affidavit was denied by entry dated September 6, 2013, because the affidavit was not timely filed pursuant to R.C. 2701.03(B). *See* affidavit-of-disqualification case No. 13-AP-085.

{¶ 2} In her present affidavit, King claims that Judge Burt should be disqualified because plaintiff Philip King is the mayor of Chardon and a "colleague," "friend," and "political supporter" of Judge Burt, as evidenced by the judge's campaign website, which lists Philip King as a supporter of the judge's 2012 campaign for judicial office.

**{¶ 3}** Judge Burt has responded in writing to King's affidavit, averring that (1) while the common pleas court is located in Chardon, neither that city nor its mayor have any role in the management of the court, (2) while he and Philip King have attended the same civic and political events, they are not personal friends, and (3) Philip King was one of 50 public officials listed on the judge's campaign website as endorsing his re-election, but the judge did not personally solicit that endorsement.

**{¶ 4}** Contrary to King's contention, none of the reasons listed in her affidavit are grounds for disqualification. As Judge Burt explained in his response, he and Philip King are not colleagues merely because Philip King works for the city of Chardon. Further, the judge denies that he and Philip King are friends, but even if they were more than mere acquaintances, Jennifer King's allegation alone would not mandate the judge's disqualification. *See In re Disqualification of Bressler*, 81 Ohio St.3d 1215, 688 N.E.2d 517 (1997) ("mere existence of a friendship between a judge and an attorney or between a judge and a party will not disqualify the judge from cases involving that attorney or party"). Finally, it is well settled that "the fact that a party or lawyer in a pending case campaigned for or against the judge is not grounds for disqualification." *In re Disqualification of Cleary*, 77 Ohio St.3d 1246, 1247, 674 N.E.2d 357 (1996). Judges are presumed to be "able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them." *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3; *see also In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5 ("A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions"). Here, King has not set forth any evidence suggesting that this presumption has been overcome.

**{¶ 5}** Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Burt.

**{¶ 6}** In addition, King's motion to stay all orders in the underlying case is denied. Article IV, Section 5(C) of the Ohio Constitution and the relevant statutory provisions enacted pursuant to that provision limit the authority of the chief justice to passing on the matter of disqualification and, if necessary, assigning a replacement judge. *In re Disqualification of Celebrezze*, 74 Ohio St.3d 1242, 1243-1244, 657 N.E.2d 1348 (1992). It is beyond the constitutional and statutory authority given to the chief justice in affidavit-of-disqualification proceedings to void or stay orders issued by a trial judge.

_____