## IN RE DISQUALIFICATION OF MARTIN.

### IN RE L.G. ET AL.

[Cite as *In re Disqualification of Martin,*
143 Ohio St.3d 1270, 2014-Ohio-2920.]

(Nos. 14–AP–097, 14–AP–101, 14–AP–102, 14–AP–103, 14–AP–104, 14–AP–115, 14–AP–116, and 14–AP–119—Decided January 22, 2015.)

O'CONNOR, C.J.

{¶ 1} Attorney Jeanette M. Moll has filed eight affidavits, multiple supplemental affidavits, and a rebuttal affidavit pursuant to R.C. 2701.03 seeking to disqualify Judge Eric D. Martin from the above-captioned cases in the Juvenile Division of the Muskingum County Court of Common Pleas.

{¶ 2} Moll claims that Judge Martin has "engaged in a continuing pattern of bias and prejudice" against her. Judge Martin has responded in writing to the affidavits, asserting that his disqualification is not necessary.

{¶ 3} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). The burden falls on the affiant to submit specific allegations of bias or prejudice. *See* R.C. 2701.03(B)(1). In addition, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7.

{¶ 4} For the reasons explained below, Moll has not provided a sufficient basis to order the disqualification of Judge Martin.

### Judge Martin's appointed-counsel list

{¶ 5} Moll first asserts that Judge Martin "dropped" her and other attorneys from the court's appointed-counsel list because they opposed Judge Martin in the recent election. In response, Judge Martin states that until he reviewed Moll's affidavits, he was unaware that she had supported any candidate in the judicial race. Additionally, he states that no one was dropped from any list. The judge explains that he recently became the juvenile-court judge and explains why his list of appointed counsel has fewer attorneys than the list used by his predecessor.

{¶ 6} Whether Judge Martin is properly using the court's appointed-counsel list is not an issue to be resolved in an affidavit of disqualification. The issue here is narrow and limited to whether Judge Martin has a bias, prejudice, or other disqualifying interest warranting his removal from Moll's cases. Moll's allegation that she was dropped from the list because of political motivations appears to be based on speculation. And given Judge Martin's explanation for why his list differs from his predecessor's, Moll's speculative claim is insufficient to establish bias or prejudice. *See In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

### Alleged altering of agreed entries

{¶ 7} Moll next claims that Judge Martin has altered proposed entries in at least one of the underlying cases. Specifically, she states that the judge made a

handwritten order terminating appointed counsel on an agreed entry submitted by the parties. According to Moll, she had not consented to this additional language from Judge Martin. In response, Judge Martin explains that his regular practice is to add language terminating all appointed counsel to every proposed entry resolving a case. Judge Martin describes this practice as "necessary" and "procedural in nature."

{¶ 8} Moll has not sufficiently explained how the judge's practice demonstrates bias and prejudice against her. Accordingly, this allegation does not provide any support for disqualification.

### Alleged ex parte communications

{¶ 9} Moll asserts that Judge Martin engaged in two improper ex parte communications. First, she claims that before an October 2014 hearing, the judge commenced pretrial discussions with other counsel before Moll had entered the courtroom. Second, she claims that at another hearing at which she was not present, Judge Martin asked counsel why Moll had refused to sign a proposed entry in one of the underlying cases. For his part, Judge Martin denies excluding Moll from any pretrial discussions before the October hearing. He states that "friendly discussions not related to court business" could have taken place before Moll entered the courtroom, but given that the parties had reached agreement on the merits, he "cannot conceive how any conversation could have created bias or prejudice toward Ms. Moll's client." Similarly, Judge Martin does not recall any ex parte discussions regarding why Moll had not signed a proposed entry.

{¶ 10} An alleged ex parte communication constitutes grounds for disqualification when there is "proof that the communication * * * addressed substantive matters in the pending case." *In re Disqualification of Calabrese,* 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. The allegations must be substantiated and consist of something more than hearsay or speculation. *In re Disqualification of Floyd,* 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 7. Here, Moll has failed to satisfy either test. For example, she alleges that another attorney informed her about the second alleged ex parte communication, but this other attorney, according to Moll, also stated that the judge's communication was "procedural rather than substantive." Without more, Judge Martin's disqualification is not warranted. *See Calabrese* at ¶ 2 (disqualification not warranted when affiant could not substantiate allegation that encounter between judge and opposing counsel immediately prior to pretrial conference involved ex parte communication about underlying case); *In re Disqualification of Cacioppo,* 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996) ("The hearsay allegations of the affiant will not stand in the face of an affirmative denial by the trial judge of substantive *ex parte* contacts").

## Judge Martin's alleged failure to control other attorneys in the courtroom

{¶ 11} Moll also asserts that during an October 2014 proceeding, another attorney screamed obscenities at her and personally attacked her with disparaging comments. According to Moll, Judge Martin "sat by and did nothing," even though she requested that he intervene and sanction the attorney. Similarly, Moll alleges that during November 2014 hearings, an assistant prosecutor was rude to her, turned his back on her, and engaged in prosecutorial misconduct. Again, Moll states that Judge Martin did nothing.

{¶ 12} Judge Martin acknowledges that the first attorney raised his voice during the October hearing, but the judge denies that the attorney used profane language. And contrary to Moll's allegation, Judge Martin states that he admonished the attorney to direct all of his comments to the court and not to argue with Moll. As to the second allegation, Judge Martin states that he interpreted the assistant prosecutor's actions differently than Moll and that he did not believe that the prosecutor engaged in any misconduct.

{¶ 13} All judges have the duty to maintain order and decorum in their courtrooms, to be courteous to litigants, and to require similar conduct of lawyers. Jud.Cond.R. 2.8(A) and (B). But again, Moll's unsubstantiated allegations here—especially in light of the judge's conflicting information—are insufficient to prove that the judge's conduct was the product of bias against Moll. *See In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * * ").

## Judge Martin's various legal rulings

{¶ 14} Throughout her affidavits, Moll criticizes Judge Martin's legal rulings and some of his courtroom procedures. For example, she claims that he has violated rules of procedure, improperly consolidated certain motions, and refused to appoint her to a case. It is well settled, however, that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Accordingly, Moll's disagreement with Judge Martin's legal and procedural decisions is not grounds for disqualification.

## Rulings during the pendency of the affidavits of disqualification

{¶ 15} Finally, Moll claims that during the pendency of her affidavits of disqualification, Judge Martin issued entries in some of the underlying cases,

which Moll claims shows "the obvious intent to circumvent the jurisdiction and authority of the Ohio Supreme Court." In response, Judge Martin explains that in one set of neglect and dependency cases, his magistrate issued temporary orders to ensure that the minor children were protected. In another case, Judge Martin acknowledges that he made an "inadvertent mistake" by issuing an entry during the pendency of the affidavits. But the judge further explains that once the issue was brought to his attention, he rescinded his previous entry.

{¶ 16} Under R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court * * * rules on the affidavit." However, there are statutory exceptions to this prohibition, including R.C. 2701.03(D)(2)(c), which authorizes a judge in certain juvenile-court cases to issue temporary orders as the interest and welfare of the child may require. Judge Martin appears to be invoking this statutory exception for the entries relating to the temporary orders in the underlying neglect and dependency cases. In the other matter, the judge has acknowledged his mistake and attempted to remedy it. Although a judge's ruling during the pendency of an affidavit could be evidence of bias, *see, e.g., In re Disqualification of Celebrezze,* 74 Ohio St.3d 1242, 657 N.E.2d 1348 (1992), Judge Martin's actions here do not indicate that he has hostile feelings toward Moll or a fixed anticipatory judgment that would warrant his removal from the underlying cases.

### Conclusion

{¶ 17} "The statutory right to seek disqualification of a judge is an extraordinary remedy." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. This is especially true when an attorney requests a judge's disqualification from all or most of the attorney's pending cases. At this point, Moll's speculative allegations are insufficient to issue such an extraordinary remedy. Accordingly, the affidavits of disqualification are denied. The cases may proceed before Judge Martin.