IN RE DISQUALIFICATION OF GREENE.

HASTINGS ET AL. *v.* SOUTHWEST GENERAL HEALTH CENTER ET AL.

[Cite as *In re Disqualification of Greene,*
143 Ohio St.3d 1235, 2015-Ohio-2874.]

(No. 15–AP–008—Decided February 5, 2015.)

O'CONNOR, C.J.

{¶ 1} Anna Moore Carulas, defense counsel in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Lillian Greene, a retired judge sitting by assignment, from presiding over the trial in case No. CV–12–785788 in the Cuyahoga County Court of Common Pleas.

{¶ 2} Carulas claims that at a February 2, 2015 conference—the first meeting between counsel and Judge Greene—plaintiffs' counsel brought up the fact that Carulas had previously expressed an objection to Judge Greene's hearing the underlying case because the judge had ruled against defendants' insurance carrier in an unrelated matter. According to Carulas, Judge Greene responded that she was not anxious for this trial to go forward if "there is a vengeance from 10 years ago." Carulas concludes that Judge Greene's comment that "she perceives the Defendants as acting with vengeance toward her" raises a justifiable objection about her ability to be unbiased and unprejudiced in trying this case.

{¶ 3} Judge Greene has responded with her own affidavit, averring that she has no bias or prejudice against any party in the underlying proceeding. Judge Greene further states that nothing about the prior case involving defendants' insurance carrier—which the judge presided over more than ten years ago—will have an effect on how she conducts the underlying trial. And the judge disputes Carulas's characterization of her remarks at the February 2 conference. Accord-

ing to Judge Greene, her actual comment upon learning of Carulas's previous objection was that it "sounded like a vengeance for what happened 10 years ago which has no place in a courthouse or courtroom."

{¶ 4} Pamela Pantages, counsel for plaintiffs, has also filed an affidavit averring that Carulas misquoted Judge Greene. According to Pantages, after Judge Greene was apprised of Carulas's objection, the judge responded that it sounded like a vengeance from ten years ago, "which has no place in the courtroom."

{¶ 5} For the reasons explained below, no basis has been established to order the disqualification of Judge Greene.

{¶ 6} As an initial matter, the timeliness of the affidavit warrants discussion. R.C. 2701.03(B) requires that an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside, however, "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. *In re Disqualification of Leskovyansky,* 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999); *Disciplinary Counsel v. Squire,* 116 Ohio St.3d 110, 2007-Ohio-5588, 876 N.E.2d 933, ¶ 27. Here, Carulas filed her affidavit of disqualification on February 2, 2015, although a hearing was scheduled for the following day. Carulas contends that the affidavit could not have been filed earlier because the "direct incidence of bias and prejudice" occurred at the February 2 conference. In light of Carulas's averments, the clerk properly accepted the affidavit for filing despite the seven-day requirement in R.C. 2701.03(B). *See In re Disqualification of Squire,* 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.

{¶ 7} Turning to the merits, Carulas has not set forth sufficient grounds for disqualification. First, the fact that Judge Greene ruled against defendants' insurance carrier in a prior case does not demonstrate that the judge was then or is now biased against defendants. "State and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Bryant,* 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 4. This principle is especially true here, where defendants' insurance carrier is not a party to the underlying case and apparently ten years have passed since Judge Greene's previous action involving the insurance company.

{¶ 8} Second, Judge Greene's alleged "vengeance" comment at the February 2 conference does not conclusively demonstrate that she is biased or prejudiced against defendants. In disqualification requests, "[t]he term 'bias or prejudice'

'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, Judge Greene's choice of words upon learning of Carulas's previous objection may not have been ideal. Attorneys should be free to challenge, in appropriate legal settings, a court's perceived partiality without the court misconstruing the intent of the challenge. *See Disciplinary Counsel v. Shimko,* 134 Ohio St.3d 544, 2012-Ohio-5694, 983 N.E.2d 1300, ¶ 32. However, the judge's comment, by itself, does not prove that the judge has hostile feelings or a spirit of ill will toward Carulas or her clients, nor does the comment indicate any fixed anticipatory judgment in the underlying case warranting the judge's removal. *See In re Disqualification of Corrigan,* 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302 (judge's choice of words was not ideal, but the affidavits did not establish that the judge was unable to decide the remaining issues in the case fairly and impartially).

{¶ 9} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Given Judge Greene's assurances that she will hear this case fairly and impartially, those presumptions have not been overcome.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Greene.