IN RE DISQUALIFICATION OF SEARCY.

CASTELLINI *v*. CASTELLINI.

[Cite as *In re Disqualification of Searcy,* ___ Ohio St.3d ___, 2016-Ohio-442.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant waived claim of bias—Disqualification denied.*

(No. 15-AP-072—Decided August 20, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Hamilton County Court of Common Pleas, Domestic Relations Division, Case No. DR1401514.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Deanna Castellini has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Amy Searcy from presiding over any further proceedings in the above-captioned divorce case.

**{¶ 2}** Defendant claims that Judge Searcy has a conflict of interest and is biased against her. Specifically, defendant claims that the judge ran as a Republican Party candidate for judicial office and that plaintiff Robert Castellini's father is heavily involved with the local Republican Party. In addition, defendant claims that Judge Searcy and plaintiff are members of the same advisory board for a local nonprofit organization, which had previously named plaintiff "Father of the Year." Finally, defendant claims that Judge Searcy's refusal to continue the scheduled trial demonstrates the judge's bias.

**{¶ 3}** Judge Searcy has responded with her own affidavit. The judge denies any bias against defendant and avers that she does not know plaintiff's family. The judge acknowledges that she is one of 28 members of the local nonprofit advisory board. However, the judge further states that she does not know and has never been introduced to plaintiff, that the advisory board conducts only one annual meeting,

that she does not recall seeing plaintiff at the most recent meeting, and that she has no knowledge about whether the organization had previously named him "Father of the Year."

**{¶ 4}** Plaintiff has also submitted an affidavit in response to his wife's disqualification request. Plaintiff avers that he had never met Judge Searcy before she was assigned to the underlying case, that he was unaware that he was a member of the nonprofit advisory board, that he has never attended a meeting of the advisory board, and that he has no idea who else is a member of the board.

**{¶ 5}** For the reasons explained below, no basis has been established to order the disqualification of Judge Searcy.

**{¶ 6}** First, an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady,* 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Here, Judge Searcy states that she was assigned to the underlying case on June 30, 2015. Yet defendant did not file her affidavit of disqualification until August 12, 2015, eight days before the scheduled trial. Additionally, defendant filed her affidavit only *after* Judge Searcy refused to continue the trial, which suggests that the judge's adverse decision—not any perceived conflict of interest—prompted the disqualification request. As nothing in the record justifies the delay in filing the affidavit, defendant has waived the right to have Judge Searcy disqualified based on these allegations. *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affidavit was filed "less than three weeks before the scheduled trial").

**{¶ 7}** Second, even if defendant had not waived her bias claims, she has not set forth sufficient grounds for disqualification. Although there could be

exceptional circumstances in which significant and disproportionate political contributions could create an appearance of impropriety, *see, e.g.*, *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), defendant has not established that any such circumstances exists here. Indeed, she has not specifically alleged that any member of plaintiff's family directly contributed to Judge Searcy's political campaign. Regardless, judges are presumed "able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them." *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3. Nothing in defendant's affidavit establishes that Judge Searcy has a conflict of interest based on the political contributions or party affiliation of plaintiff's father.

{¶ 8} Similarly, based on the unique facts here, no reasonable observer would question Judge Searcy's impartiality merely because she and plaintiff are named members of the same nonprofit advisory board. The judge has averred that she does not know plaintiff, and plaintiff has averred that he did not know that he or the judge served on the board.

{¶ 9} Finally, defendant's disagreement or dissatisfaction with Judge Searcy's refusal to continue the trial does not constitute bias or prejudice. *See In re Disqualification of Pontious*, 94 Ohio St.3d 1235, 1236, 763 N.E.2d 603 (2001) (a judge's decision on a request for a continuance "is within the sound discretion of the judge and is not, by itself, evidence of bias or prejudice").

{¶ 10} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Searcy.

_____