O'Donnell, J.
*1222 {¶ 1} Defendant, Dante Gordon, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Jill Flagg Lanzinger from presiding over any further proceedings in his 1998 criminal case. Pursuant to the Ohio Constitution, Article IV, Section 5 (C) and R.C. 2701.03, Chief Justice O'Connor recused herself on this matter and designated the undersigned to hear the disqualification request.
{¶ 2} Gordon claims that Judge Lanzinger is biased and prejudiced against him. In support of his allegation, Gordon primarily avers that the judge failed to correctly apply the law and ignored his evidence when she denied his 2017 postconviction motion.
{¶ 3} Judge Lanzinger submitted a written response to Gordon's affidavit, and she included her own affidavit. The judge denies any bias against Gordon and also states that she considered the relevant law in denying his postconviction motion.
{¶ 4} For the reasons explained below, the affidavit of disqualification is not well taken because Gordon has not established that Judge Lanzinger should be disqualified.
{¶ 5} Gordon's allegations relate to his disagreement with the judge's 2017 decision and her alleged failure to vacate his sentence or issue a final, appealable order. It is well settled, however, that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. And an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. A litigant's dissatisfaction or disagreement with a judge's legal decision is not grounds for disqualification. See In re Disqualification of D'Apolito , 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279.
*1223 {¶ 6} The record shows, however, that during the pendency of this affidavit of disqualification, Judge Lanzinger denied Gordon's most recent postconviction motion. Pursuant to R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, rules on the affidavit." See also State v. Myers , 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 57 (the filing of an affidavit *15 "automatically divests the judge of jurisdiction to proceed until the matter is resolved by this court").
{¶ 7} Here, Judge Lanzinger states that when she decided Gordon's recent motion, she had not yet received his affidavit. Given the judge's response, there is no reason to question her impartiality or the integrity of the proceedings merely because she appears to have inadvertently issued a decision during the pendency of Gordon's affidavit. Accordingly, Judge Lanzinger's recent ruling does not warrant her removal. See In re Disqualification of Martin , 143 Ohio St.3d 1270, 2015-Ohio-2920, 39 N.E.3d 1256 (finding that a judge's rulings after the filing of an affidavit of disqualification-which the judge described, in part, as an inadvertent mistake-did not require the judge's removal); In re Disqualification of Cox , 74 Ohio St.3d 1276, 657 N.E.2d 1371 (1995) (denying an affidavit of disqualification despite the fact that the judge had issued orders after the filing of the affidavit; the record was unclear whether the judge was aware of the affidavit at the time he issued the orders).
{¶ 8} The affidavit of disqualification is denied.